IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAYLYNN DEROCHE,<br>Individually and as Wrongful<br>Death Beneficiary and as<br>Survivor of Wendy Caspolich | | PLAINTIFF |
| v. | | CAUSE NO. 1:18CV215-LG-RHW |
| HANCOCK COUNTY, MISSISSIPPI,<br>HANCOCK MEDICAL CENTER,<br>and JOHN DOES 1-5 | | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER CONCERNING HANCOCK COUNTY'S MOTIONS FOR JUDGMENT ON THE PLEADINGS

**BEFORE THE COURT** are the [10] Motion for Judgment on the Pleadings as to State Law Claims and the [12] Motion for Judgment on the Pleadings as to Certain Federal Claims filed by the defendant Hancock County, Mississippi. The parties fully briefed the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the plaintiff's state law claim for failure to train and supervise subordinates should be dismissed, but all other state law claims should remain pending at this time. Therefore, Hancock County's Motion concerning the plaintiff's state law claims is granted in part and denied in part. The Court further finds that the plaintiff's federal claim for denial of the due process right to family association should be dismissed. In addition, the plaintiff's attempt to assert Section 1983 claims based on respondeat superior is without merit. As a result, the Court finds that Hancock County's Motion concerning the plaintiff's federal law claims should be granted.

-1-

## BACKGROUND

On February 27, 2017, the plaintiff's mother, Wendy Caspolich, was a passenger in a vehicle pulled over by Hancock County deputies. Ms. Caspolich attempted to hide narcotics that were located in the vehicle "by placing them in her mouth and eventually swallowing them." (Compl. 3, ECF No. 1-2.) The Hancock County deputies arrested Ms. Caspolich and the other occupants of the vehicle for possession of paraphernalia. According to the Complaint, "[p]rior to, during, and after being booked into the Hancock County Jail, Ms. Caspolich and others informed the deputies that Ms. Caspolich had swallowed the narcotics and that she was in need of medical assistance." (*Id.* at 4.) The plaintiff claims that Hancock County's employees did not respond to Ms. Caspolich's request for medical assistance even though she was in and out of consciousness during booking.

County employees placed Ms. Caspolich in a holding cell, and the plaintiff claims that Ms. Caspolich's condition continued to deteriorate, causing her cellmate to bang on the cell door and ask for medical assistance. The plaintiff claims that County employees ignored the cellmate's request and told the cellmate to quit making so much noise. Eventually, County employees attempted to take Ms. Caspolich's blood pressure but were unable to get a reading. They then left Ms. Caspolich in the cell. County employees moved Ms. Caspolich's cellmate to another location, because she continued to make noise while asking for medical assistance for Ms. Caspolich.

At approximately 2:24 a.m., jail employees released Ms. Caspolich for medical reasons and drove her to Hancock Medical Center, where she was later pronounced dead as a result of a drug overdose.

The plaintiff filed this lawsuit against Hancock County and Hancock Medical Center.[1] She has attempted to assert Section 1983 claims against Hancock County for infliction of cruel and unusual punishment by denying medical care and for violation of her due process right to family association. She asserts that her Section 1983 claims are to some extent based on the doctrine of respondeat superior. She also attempts to assert the following state law claims: negligence, gross negligence, infliction of emotional distress, negligence per se, and failure to train and/or supervise subordinates. Hancock County filed the present Motions to Dismiss all of the plaintiff's state law claims as well as the plaintiff's federal claim for denial of the due process right to family association and plaintiff's federal claims based on respondeat superior.

## DISCUSSION

Fed. R. Civ. P. 12(c) provides, "After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Courts evaluate Rule 12(c) motions using the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "'[T]he central issue is whether, in the light most favorable to

---

[1] The plaintiff's separate claims against Hancock Medical Center are not at issue in the present Motions.

the plaintiff, the complaint states a valid claim for relief.'" *Id.* (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## I. STATE LAW CLAIM FOR FAILURE TO TRAIN AND SUPERVISE SUBORDINATES AND FEDERAL CLAIM FOR DENIAL OF DUE PROCESS RIGHT TO FAMILY ASSOCIATION

The plaintiff concedes that the Court should dismiss her claims for failure to train and supervise subordinates and denial of due process right to family association.

## II. PLAINTIFF'S REMAINING STATE LAW CLAIMS

Hancock County argues that the plaintiff's state law claims are barred by the inmate exception and the police function exception to the waiver of immunity set forth in the Mississippi Tort Claims Act (MTCA).

### A. INMATE EXCEPTION

The MTCA provides:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [o]f any claimant who at the time the claim arises is an inmate of any detention center,

-4-

> jail, workhouse, penal farm, penitentiary or other such
> institution . . . .

Miss. Code. Ann. § 11-46-9(1)(m). This exception to the waiver of sovereign immunity applies to wrongful death claims. *Webb v. DeSoto Cty.*, 843 So. 2d 682, 684 (¶8) (Miss. 2003). The Mississippi Supreme Court interprets the term "inmate" broadly to include pretrial detainees. *Hinds Cty. v. Burton*, 187 So. 3d 1016, 1024 (¶26) (Miss. 2016).

> "Inmate" is defined as "a person confined to a prison,
> penitentiary or the like." *Black's Law Dictionary* 788 (6th
> ed. 1990). There is no restriction that the inmate must
> remain confined to the prison. The inmate remains an
> inmate while being transported, while participating in
> public service work programs or while on leave if a pass is
> granted.

*Love v. Sunflower Cty. Sheriff's Dep't*, 860 So. 2d 797, 800 (Miss. 2003) (quoting *Wallace v. Town of Raleigh*, 815 So.2d 1203, 1207-08 (¶16) (Miss. 2002)).

The plaintiff disputes application of the inmate exception, because her "claims involve the County's actions, or lack thereof, before and after Ms. Caspolich was an inmate." (Pl.'s Resp. 4, ECF No. 15.) Thus, the plaintiff argues that her claims arose before Ms. Caspolich was an inmate in the jail.

In *Hinds County v. Burton*, the plaintiff argued that his false imprisonment claim against Hinds County "arose at a time when he was not an inmate but was in the process of being booked." by Hinds County at its Raymond Detention Center. *Hinds County v. Burton*, 187 So. 3d 1016, 1024 (Miss. 2016). After noting that the plaintiff in *Burton* was not arrested by Hinds County employees and that all of the plaintiff's claims arose while the plaintiff was at the Raymond Detention Center,

the Mississippi Supreme Court found that the plaintiff was an inmate and that Hinds County was immune from liability for the plaintiff's false imprisonment claim. *Id.*

Thus, it appears that the pertinent question in the present case is whether the claim arose while Ms. Caspolich was at the Hancock County jail or before she arrived at the jail. If her claim arose after she arrived at the jail, she was an inmate as that term is used in the MTCA, but if her claim arose before she arrived at the jail, she was not an inmate. In her Complaint, the plaintiff alleges, "Prior to, during, and after being booked into the Hancock County Jail, Ms. Caspolich and others informed the deputies that Ms. Caspolich had swallowed the narcotics and that she was in need of medical assistance." (Compl. 4, ECF No. 1-2.) Since the plaintiff has alleged that the deputies were notified that Ms. Caspolich needed medical care before beginning the booking process at the jail, she has alleged a plausible claim, because her claims may have arisen before she arrived at the jail.

### B. POLICE FUNCTION EXCEPTION

The police function exception to the MTCA waiver of immunity provides:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

Miss. Code. Ann. § 11-46-9(1)(c).  The Mississippi Supreme Court has explained that:

> "[r]eckless disregard" . . . denotes more than mere negligence, but less than an intentional act.  Our case law indicates "reckless disregard" embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act.   Moreover, reckless disregard usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow.  Reckless disregard occurs when the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved.

*Miss. Dep't of Wildlife, Fisheries, & Parks v. Webb*, 248 So. 3d 772, 777 (Miss. 2018) (internal citations and quotation marks omitted).

Hancock County argues that the plaintiff failed to allege that the deputies acted with reckless disregard for Ms. Caspolich's safety and well-being.  The Court disagrees.  The plaintiff claims that the deputies were informed that Ms. Caspolich had swallowed narcotics but failed to provide her with medical attention.  These allegations are sufficient to state a claim for reckless disregard at this stage of the litigation.

## III. PLAINTIFF'S FEDERAL CLAIMS BASED UPON RESPONDEAT SUPERIOR

In support of her federal claims, the plaintiff asserts that Hancock County is vicariously liable for the acts of its deputies, and that *Monell v. Department of Social Services*, 436 U.S. 658 (1978), does not apply to this case.  The plaintiff has not cited any authority that supports this assertion and *Monell* remains in effect in

the Fifth Circuit.  *See, e.g., Littell v. Houston Ind. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018).  As a result, the plaintiff's attempt to assert Section 1983 claims based on respondeat superior must fail.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [10] Motion for Judgment on the Pleadings as to State Law Claims filed by the defendant Hancock County, Mississippi is **GRANTED** as to the plaintiff's state law claim for failure to train and supervise subordinates and **DENIED** in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [12] Motion for Judgment on the Pleadings as to Certain Federal Claims filed by the defendant Hancock County, Mississippi, is **GRANTED**.  The plaintiff's claim for denial of the due process right to family association should be dismissed.  In addition, the plaintiff's attempt to assert Section 1983 claims based on respondeat superior is without merit.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STTES DISTRICT JUDGE