**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHAYLYNN DEROCHE individually and as** | ) | |
| **as Wrongful Death** | ) | |
| **Beneficiary and as survivor of** | ) | 1:18-cv-00215-LG-RHW |
| **WENDY CASPOLICH** | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HANCOCK COUNTY MISSISSIPPI;** | ) | |
| **JORDAN LEE; PATRICK CROWE;** | ) | |
| **ADRIANE AVERY;** | ) | |
| **LALAYNNIA DEPERALTA;** | ) | |
| **RICKY ADAMS and** | ) | |
| **JOHN DOES 1-5.** | ) | |
| **Defendants**. | ) | **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

Plaintiff, by and through her attorney, for her Complaint allege, upon knowledge as to herself and otherwise upon information and belief, as follows:

**I.   PRELIMINARY STATEMENT**

1.   This is a civil action brought pursuant to 42 U.S.C § 1983 that seeks to remedy the unconstitutional deprivation of Plaintiff's statutory and constitutional rights. The conduct by Defendants, acting in concert with their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation, violates Plaintiff's rights, privileges, and immunities under the United States Constitution, as amended, specifically numerous violations of the Fourth Amendment, Eighth Amendment and Fourteenth Amendment.

2.   In short, the facts underlying this action represent a textbook case of municipal ignorance and indifference to a helpless individual that Hancock County was charged to safeguard

1

and protect. Justice requires not only the imposition of monetary and punitive damages payable to Plaintiff, but a declaration that the Hancock County Sheriff's Department and the County of Hancock are responsible for what happened to Ms. Caspolich.

3. The relief Plaintiff seeks is supported by satisfactory proofs, including the public records, facts and other documentation referenced throughout the Complaint.

4. Plaintiff seeks nominal, actual, compensatory and punitive damages against all Defendants for the flagrant, willful, knowing, violation of Plaintiff's constitutionally protected rights and violations of federal statutes, as well as the costs of litigation, including reasonable attorney's fees.

5. With this as a background, Plaintiff, through counsel, does hereby complain and allege as follows:

## II. JURISDICTION

6. This Court has concurrent jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3)(4), which confers jurisdiction to redress the deprivation of rights, privileges and immunities as stated herein.

7. This Court has jurisdiction over Plaintiff's state law claims because the acts and omissions of the Defendants, as complained of herein, occurred in Hancock, County Mississippi

## III. VENUE

8. Venue is proper in this Court because a majority of the claims arise in Hancock County, Mississippi. Plaintiff's notice, pursuant to the Mississippi Tort Claims Act, is attached hereto as **Exhibit A**. More than 90 days have passed since the notice's service on the Defendants.

## IV. IDENTIFICATION OF PARTIES

9. Plaintiff, Shaylynn DeRoche (sole heir and daughter) as Wrongful Death Beneficiary of Wendy Caspolich, is a resident citizen of Hancock County, Mississippi.

10. Defendant, HANCOCK COUNTY, MISSISSIPPI, hereinafter "County," is a political subdivision of the State of Mississippi, organized and existing pursuant to the laws of the State of Mississippi, and charged with the oversight and the supervision of the Hancock County Sheriff's Department and jail. County may be served with process, pursuant to Mississippi law, upon the Chancery Clerk, Timothy Kellar, of Hancock County. Mr. Kellar can be served at the Hancock County Chancery Clerk Building, 152 Main Street, Suite A Bay St. Louis, MS 39520.

11. Defendant JORDAN LEE is sued in his individual and official capacity as an employee of Hancock County who upon belief may be served with process at 8450 Highway 90, Bay St. Louis, Mississippi 39520.

12. Defendant PATRICK CROWE is sued in his individual and official capacity as an employee of Hancock County who upon belief may be served with process at 8450 Highway 90, Bay St. Louis, Mississippi 39520.

13. Defendant JORDAN LEE is sued in his individual and official capacity as an employee of Hancock County who upon belief may be served with process at 8450 Highway 90, Bay St. Louis, Mississippi 39520.

14. Defendant ADRIANE AVERY is sued in her individual and official capacity as an employee of Hancock County who upon belief may be served with process at 8450 Highway 90, Bay St. Louis, Mississippi 39520.

15. Defendant LALAYNNIA DEPERALTA is sued in her individual and official capacity as an employee of Hancock County who upon belief may be served with process at 8450 Highway 90, Bay St. Louis, Mississippi 39520.

16. Defendant RICKY ADAMS is sued in his individual and official capacity as sheriff of Hancock County who upon belief may be served with process at 8450 Highway 90, Bay St. Louis, Mississippi 39520

17. Defendants, designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein . Plaintiff will amend her Complaint once the identities of the unknown Defendants are learned

## V.   FACTUAL ALLEGATIONS

18. Plaintiff's claims stem from the arrest, constitutional deprivations, failure to provide medical care, and wrongful death caused by the Hancock County Sheriff Department and the individually names Defendants.

### Hancock County

19. Prior to the incidents and unlawful actions complained of herein, Wendy Caspolich was the victim of medical malpractice which left her addicted to opioids and other pain medications.

20. On or about February 27, 2017 Ms. Caspolich (now deceased) was a passenger in a vehicle which was pulled over by Hancock County Deputies.

21.     The vehicle contained narcotic drugs, and Ms. Caspolich attempted to hide the narcotics by placing them in her mouth and eventually swallowing them. Ms. Caspolich and the occupants of the vehicle were arrested for the misdemeanor crime of possession of paraphernalia.

22.     Prior to, during, and after being booked into the Hancock County Jail, Ms. Caspolich and others informed the deputies that Ms. Caspolich had swallowed the narcotics and that she was in need of medical assistance.

23.     No action was taken by county employees in response to Ms. Caspolich's request for medical assistance. In addition to the admission of Ms. Caspolich to swallowing the narcotics, she was in and out of consciousness during the booking process, as evidenced by her booking photograph and witnesses.

24.     Ms. Caspolich's physical appearance, her condition, and her need for medical assistance is evident by her booking photograph. Ms. Caspolich was booked into the jail at or around 12:44 a.m. on February 27, 2017. It is currently unknown how long Ms. Caspolich was in custody prior to being booked into the jail.

25.     Ms. Caspolich was placed into a holding cell, and her condition continued to deteriorate as she continued to pass in and out of consciousness. As Ms. Caspolich's condition was clearly dire, her cellmate began banging on the cell door asking the jail staff for medical assistance for Ms. Caspolich.

26.     The cellmate was ignored by Hancock County staff who were charged with care and protection of those incarcerated.

27.     Rather than coming to the aid of Ms. Caspolich, Jail staff demanded that the cellmate quit making so much noise and quit banging on the cell door.

28. When Jail staff finally responded, it was not a true attempt to assist. Although, Jail staff were unsuccessful in getting a blood pressure reading from Ms. Caspolich, no action was taken to provide proper medical intervention. Rather, Ms. Caspolich was left in the holding cell rapidly deteriorating.

29. Ms. Caspolich's cellmate continued banging on the door and begging the staff for medical assistance for Ms. Caspolich. Instead of providing Ms. Caspolich medical assistance, Jail staff moved Ms. Caspolich's cellmate to another holding cell. This action now left Ms. Caspolich all alone in her cell despite the fact that she was in obvious and dire need of medical assistance.

30. Upon information and belief, at approximately 2:24 a.m. on February 27, 2017, Ms. Caspolich was released from the jail for "medical reasons." Ms. Caspolich's detention and release was approved by the Sheriff.

31. According to County records, no medical personnel was present or assigned to work at the jail on the night that Ms. Caspolich was arrested and subsequently died due to the actions of the County.

32. Hancock County employees allegedly transported Ms. Caspolich to the hospital where she was later pronounced dead from an apparent drug overdose later that day. The County's failure to take appropriate and reasonable steps to provide medical assistance for Ms. Caspolich was a direct and proximate cause of Ms. Caspolich's death.

33. Upon information and belief, once Ms. Caspolich arrived at the hospital there was nothing that medical personnel could do to reverse the effects of the overdose. Because the Defendants waited almost four (4) hours to transport Ms. Caspolich to the hospital, Ms. Caspolich was essentially "dead on arrival" once she was admitted to the hospital.

34. The actions and omissions of the County evidence a reckless and willful disregard for Ms. Caspolich's rights, and a violation of Ms. Caspolich's clearly established constitutional rights.

**Ricky Adams**

35. Ricky Adams is the sheriff of Hancock County, Mississippi.

36. As sheriff, Defendant Adams is a final policy maker for Hancock County with respect to law enforcement decisions and the administration of the Hancock County jail.

37. Defendant Adams failed to ensure that the jail was properly staffed with medical personnel who could evaluate Ms. Caspolich upon her arrival at the jail and ensure that Ms. Caspolich's rights under the constitution were not violated. Mr. Adams failed to have medical personnel available to jail personnel to evaluate and treat Ms. Caspolich.

38. Defendant Adams is ultimately liable for violating Ms. Caspolich's rights to receive medical care and by failing to properly train staff regarding the arrest, detention, and care for persons in need of medical care.

**Individual Defendants**

39. Based upon the facts known to Ms. Caspolich's beneficiaries at this time, Ms. Caspolich died from a drug overdose while in the care of the Hancock Medical Center, after being in the custody of the Hancock County Sheriff's Department for several hours.

40. Defendant Crowe was the arresting officer who stopped the vehicle in which Ms. Caspolich was a passenger. Defendant Crowe became aware, prior to booking, that Ms. Caspolich had ingested narcotics and that Ms. Caspolich was in dire need of emergency medical treatment. Not only had Defendant Crowe been told about the ingestion of narcotics, but Ms. Caspolich's physical appearance was evident of her need for medical care. Instead of providing Ms. Caspolich

with emergency medical treatment, Defendant Crowe simply took Ms. Caspolich to the jail, where Ms. Caspolich was booked and placed into a jail cell, despite her visible need for emergency medical treatment. As a direct result of Defendant Crowe's conscious and reckless disregard for the rights and medical needs of Ms. Caspolich, Ms. Caspolich is now dead.

41. Defendants Avery, Desperalta, and Lee (Hereinafter "Correctional Defendants") are upon information and belief correctional officers charged with the custody and care of Ms. Caspolich once Ms. Caspolich was confined at the Hancock County Jail.

42. The Correctional Defendants were aware of the medical needs of Ms. Caspolich once she was booked into the jail, yet the Correctional Defendants placed Ms. Caspolich into a jail cell and took no action to provide her with medical care.

43. Despite pleas for help from other detainees, the Correctional Defendants ignored and recklessly disregarded these pleas for help. Instead of answering the pleas for help made on behalf of Ms. Caspolich by other detainees, the Correctional Defendants simply moved the complaining detainees and left Ms. Caspolich in a cell by herself.

44. The actions and omissions of Defendant Crowe and the Correctional Defendants evidenced a conscious and reckless disregard for the rights and medical needs of Ms. Caspolich, which ultimately caused Ms. Caspolich's untimely death.

**ALLEGATIONS OF LAW**

45. The Plaintiff is the sole wrongful death beneficiary of Wendy Caspolich, being her only child at the time of her death. Plaintiff is entitled to bring this action pursuant to Miss. Code Ann. § 11-7-13.

46. In addition to all claims made pursuant to Miss. Code Ann. § 11-7-13, Plaintiff DeRoche does hereby assert claims against the Defendants for negligence, gross negligence,

infliction of emotional distress, negligence *per se*, loss of society and companionship of Plaintiff's mother and punitive damages.

47. All acts of County were conducted under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi, and the County of Hancock.

48. Sheriff Ricky Adam was a final policy maker, capable of ratification for County.

49. It is the policy, practice or custom of the County to violate the procedural and substantive due process rights of those citizens under their jurisdiction.

50. It is the policy, practice or custom of all Defendants to conspire to interfere with the civil rights of its citizens.

51. It is the policy, practice or custom of the County to engage in actions that are fundamentally unfair to its citizens.

52. It is the policy, practice or custom of the County to deprive individuals of medical treatment while incarcerated.

53. It is the policy, practice or custom of the County to deprive individuals of medical treatment while incarcerated by not having medical personnel, or access to medical personnel, available to detainees at the jail.

54. Defendants failed to train and/or supervisor their subordinates to prevent the actions described herein.

55. At the time Ms. Caspolich was seized by the County, she did not have the freedom to leave.

56. Defendants' actions, as alleged herein, were made in bad faith.

57. Defendants, by and through their actions and under the color of law, violated Plaintiff's constitutionally protected rights.

58. Defendants' actions, as alleged herein, were made with actual malice and/or constituted willful misconduct.

59. At all times relevant, the Plaintiff's constitutional rights, as alleged herein, were violated.

60. At all times relevant, the Plaintiff's constitutional rights, as alleged herein, were clearly established.

61. The customs, policies, and/or actual practices that allowed the unconstitutional incarceration and wrongful death of Ms. Caspolich, described herein, were necessarily consciously approved by Defendants.

62. It was the custom, practice and policy of the Defendants and its officers, to engage in the misconduct described herein.

63. Plaintiff has suffered injury to her constitutional and statutory rights.

64. Alternatively, because liability in effect for issues of this kind, and because it is the intent of the Mississippi Legislature that the Defendants pay any claims for violation of a citizen's rights in damages under Mississippi Law, the doctrine of *Monell v. Department of Social Services*, 475 U.S. 335 (U.S. 1986), should not apply to this cause, and the Defendants should be held vicariously liable for its officials causing the civil liberty violations of Plaintiff's rights.

### FIRST CAUSE OF ACTION – 42 U.S.C. § 1983
### Violation of Constitutional Rights Under Color of State Law
### -- Infliction of Cruel and Unusual Punishment/Deliberate Indifference to Serious Medical Needs --

65. All prior paragraphs of the Complaint are incorporated herein by reference, the same as though pleaded in full.

66. The Eighth Amendment to the United States Constitution precludes prison officials from willfully denying medical treatment to a detainee with serious medical needs, as such conduct would constitute cruel and unusual punishment and/or a violation of the right to due process of law.

67. The actions of the County detailed above violated Wendy Caspolich's rights under the United States Constitution pursuant to the 4th, 8th, and 14th Amendments. In short, it was not objectively reasonable for the County or the individually named Defendants to ignore Ms. Caspolich's serious medical problems and refuse to provide Ms. Caspolich with appropriate, necessary medical treatment. In fact, the Individual Defendants and the County's actions demonstrated a deliberate indifference to Ms. Caspolich's serious medical needs. The actions of the Defendants are motivated by malice and/or are grossly negligent.

68. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

69. Defendant Hancock County is, and its senior policy makers at the Hancock County Sheriff's Department are, directly responsible for this constitutional violation. Upon information and belief, Hancock County, through either express policy or the inactions of its policy makers, had a policy and/or practice of not providing adequate medical care to its detainees. This policy or practice is best demonstrated by the use of a "medical officer," e.g., an untrained Corrections Officer, at the Hancock County Jail to perform "evaluations" of detainees in lieu of a trained physician.

70. The Plaintiff also claims that Defendants are responsible for Ms. Caspolich's death by virtue of their failure to train and supervise their subordinates at the Hancock County Jail.

71. In addition to damages to be paid under Mississippi law, Plaintiff requests the imposition of damages under federal law for her loss of life.

72. The actions of the individual Defendants, as detailed in Paragraphs 34-43 constitute a conscious and reckless disregard for the rights and safety of Ms. Caspolich, as delineated herein.

73. As a direct and proximate result of the unconstitutional acts described above, the decedent has been irreparably injured, in that she is dead because of the Defendants' actions.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

**SECOND CAUSE OF ACTION – 42 U.S.C. § 1983**
**Violation of Constitutional Rights Under Color of State Law**
**-- Violation of Right to Due Process of Law –**

74. All prior paragraphs of the Complaint are incorporated herein by reference, the same as though pleaded in full.

75. The Due Process Clause of the U.S. Constitution guarantees that one's property and liberty cannot be taken away without due process of law. The Defendants, by killing Wendy Caspolich, deprived Ms. Caspolich of her rights, and consequently violated her due process rights.

76. This conduct on the part of Defendants also represents a violation of 42 U.S.C. § 1983, given that their actions were undertaken under color of state law.

77. The actions of the Defendants are motivated by malice and/or are grossly negligent. Defendant Hancock County is, and its senior policy makers at the Hancock County Sheriff's Department, are directly responsible for this constitutional violation.

78. Upon information and belief, Hancock County, through either express policy or the inactions of its policy makers, had a policy and/or practice of not providing adequate medical care

to its detainees. As a direct and proximate result of the unconstitutional acts described above, Plaintiff DeRoche has been irreparably injured.

79. The actions of the individual Defendants, as detailed in Paragraphs 34-43 constitute a conscious and reckless disregard for the rights and safety of Ms. Caspolich, as delineated herein.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

### THIRD CAUSE OF ACTION – 42 U.S.C. § 1983
### Violations of State Law
### -- Wrongful Death/Other --

80. All prior paragraphs of the Complaint are incorporated herein by reference, the same as though pleaded in full.

81. The negligent acts of all Defendants detailed above caused the wrongful death of Wendy Caspolich.

82. As a direct and proximate result of the unlawful and unconstitutional acts described above, the decedent has been irreparably injured, in that she is dead because of the Defendants' actions.

83. Plaintiff forwarded Defendants the attached Mississippi Tort Claim Notice, and more than 90 days have passed. **Exhibit A, MTCA Notice.** The contents of said notice are incorporated herein by reference.

84. The actions of the individual Defendants, as detailed in Paragraphs 34-43 constitute a conscious and reckless disregard for the rights and safety of Ms. Caspolich, as delineated herein.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below

### DEMAND FOR PUNITIVE DAMAGES

85. All prior paragraphs of the Complaint are incorporated herein by reference, the same as though plead in full.

86. The actions and inactions of the Defendants described above were extreme and outrageous (or grossly negligent) and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate to punish the Defendants.

87. To the extent that punitive damages are available against Defendants under state law, the Plaintiff seeks such damages relative to the third cause of action for wrongful death.

WHEREFORE, Plaintiff prays for relief against all Defendants as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court:

a. Assume jurisdiction over this action;

b. Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the Fourth, Eighth and Fourteenth Amendment to the United States Constitution;

c. Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

d. Award Plaintiff nominal and actual damages for Defendants' violation of their constitutional and statutory rights;

e. Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

f. Punitive damages for all claims allowed by law in an amount to be determined at trial;

g. Pre-judgment and post-judgment interest at the highest lawful rate;

h. Award Plaintiff her costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988/1983 and/or 20 U.S.C. sec. 1400 et seq., and

      i.      Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

Respectfully submitted, this the 17th day of December, 2018.

                                                                       _/s/Daniel M. Waide_____
                                                                       DANIEL M WAIDE

Daniel M Waide, MS Bar #103543
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net

**CERTIFICATE OF SERVICE**

      I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      THIS the 17th day of December, 2018.

                                                                       _/s/Daniel M. Waide_____
                                                                       DANIEL M WAIDE

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net